

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 2:24-cr-00053
                                18 U.S.C § 1349

**LYDIA SPENCER**

## I N F O R M A T I O N

The United States Attorney Charges:

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required

the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses-payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the

business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### Relevant Entities and the Defendant

5. Stride Bank, N.A. was a financial institution as defined in 18 U.S.C. § 20 headquartered in Enid, Oklahoma.

6. Lenders 1 and 2 were financial institutions as defined by 18 U.S.C. § 20 that participated as lenders in the PPP.

7. Les Prints was a sole proprietorship with a registered principal office address in Charleston, Kanawha County, West Virginia. Its business purpose was the creation of custom t-shirts and other pieces of clothing.

8. Defendant LYDIA SPENCER was a resident of Charleston, Kanawha County, West Virginia, who was the sole proprietor of and was the registered agent for Les Prints.

9. Defendant LYDIA SPENCER maintained a personal bank account held by Stride Bank, N.A.

### CONSPIRACY TO COMMIT BANK FRAUD

10. From in or about no later than April 2021 through in or about June 21, 2021, at or near Charleston, Kanawha County, West Virginia, in the Southern District of West Virginia, and elsewhere, defendant LYDIA SPENCER did knowingly and intentionally conspire and agree with others, both known and unknown to the United States

Attorney, to devise a scheme and artifice to defraud financial institutions, namely Lenders 1 and 2, and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under, the custody or control of, financial institutions, namely Lenders 1 and 2, by means of false or fraudulent pretenses, representations, or promises, in violation of 18 U.S.C. § 1344.

<u>Purpose of the Conspiracy</u>

11. It was the purpose of the conspiracy for defendant LYDIA SPENCER and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of materially false and fraudulent applications for PPP loans to financial institutions; (b) paying and receiving kickbacks in return for submitting false and fraudulent loan applications; and (c) diverting fraud proceeds for the personal use of defendant LYDIA SPENCER and her co-conspirators.

<u>Manner and Means of the Conspiracy</u>

It was in furtherance of the conspiracy that:

12. From no later than April 8, 2021, defendant LYDIA SPENCER, from a location within the Southern District of West Virginia, provided personal and bank account information to a co-conspirator for the purpose of obtaining fraudulent PPP loans on behalf of Les Prints.

13. On or about April 8, 2021, defendant LYDIA SPENCER and her co-conspirators submitted and caused to be submitted one fraudulent PPP loan application on Les Prints' behalf to Lender 1.

14. Additionally, on or about April 8, 2021, defendant LYDIA SPENCER and her co-conspirators submitted and caused to be submitted one fraudulent PPP loan application on Les Prints' behalf to Lender 2.

15. The PPP loan applications submitted and caused to be submitted by defendant LYDIA SPENCER and her co-conspirators contained materially false and fraudulent information, including Les Prints' expenses and gross annual income. These figures did not accurately represent Les Prints' true operations and were inflated, which caused Les Prints to obtain a loan Les Prints would not have been qualified to receive, or to receive a loan in an amount higher than it would qualify for had the applications been accurate.

16. Further, as part of the loan applications, defendant LYDIA SPENCER and her co-conspirators submitted and caused to be submitted materially false and fraudulent Internal Revenue Service ("IRS") Forms, including Forms 1040 (Profit or Loss from Business), that were created solely for purposes of applying for the PPP loans and were never submitted to the IRS.

17. Based on the applications submitted by defendant LYDIA SPENCER and her co-conspirators, Lender 1 and Lender 2 approved the fraudulent loan applications.

18. As a result, on or about April 30, 2021, Lender 1 disbursed $15,625 to defendant LYDIA SPENCER's bank account maintained by Stride Bank, N.A.

19. Additionally, on or about June 17, 2021, Lender 2 disbursed $15,625 to defendant LYDIA SPENCER's bank account maintained by Stride Bank, N.A.

20. Between on or about May 3, 2021, and on or about June 21, 2021, defendant LYDIA SPENCER paid a co-conspirator monies from the loans proceeds for facilitating and obtaining the two fraudulent PPP loans on behalf of Les Prints. Defendant LYDIA SPENCER spent the remainder of the PPP loan proceeds on a variety of personal expenses unrelated to Les Prints.

In violation of Title 18, United States Code, Section 1349.

UNITED STATES OF AMERICA

WILLIAM S. THOMPSON
United States Attorney

By: _____
Holly J. Wilson
Assistant United States Attorney